UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

RYTIS TERESKO
25021 Bristol Lane
Warrenville, IL 60555,

    Plaintiff,

And

LIBERTY MUTUAL INSURANCE COMPANY
175 Berkeley Street
Boston, MA 02116
c/o Corporation Service Company, Reg. Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

BLUE CROSS BLUE SHIELD OF ILLINOIS
300 East Randolph Street
Chicago, IL 60601,

    Involuntary Plaintiffs,
vs.

3M COMPANY
3M Center Bldg 224-5N-40
St. Paul, MN 55144
c/o Corporation Service Company, Reg. Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

ABC INSURANCE COMPANY
one or more fictitious insurance corporations

    Defendants.

**COMPLAINT**

**Case No:**

---

The above-named plaintiff by **HABUSH HABUSH & ROTTIER S.C.®**, his attorneys, as and for a Complaint against the above named defendants, alleges and shows to the Court as follows:

## GENERAL ALLEGATIONS APPLICABLE
## TO ALL CLAIMS FOR DAMAGES

1. At the present time, the plaintiff, Rytis Teresko, is a citizen and resident of the State of Illinois residing at 25021 Bristol Lane, Warrenville, Illinois 60555.

2. At the present time, the involuntary plaintiff, Liberty Mutual Insurance Company (hereinafter "Liberty"), is incorporated in the state of Massachusetts, has its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, and maintains a registered agent for service of process in Wisconsin, Corporation Service Company, at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717. Liberty is an involuntary plaintiff by reason of Wis. Stat. §102.29 as it may have an interest in the plaintiff's claims by reason of it being the worker's compensation carrier for Rytis Teresko's employer, Nomad, Inc., and by reason of it providing worker's compensation benefits to the plaintiff.

3. At the present time, the involuntary plaintiff, Blue Cross Blue Shield of Illinois (hereinafter "BCBSIL"), is incorporated in the state of Illinois, has its principal place of business at 300 East Randolph Street, Chicago, Illinois 60601; this insurance company is a defendant by reason of Wis. Stat. §803.03 as it may have an interest in the plaintiff's claim by reason of its being the health insurer for the plaintiff, Rytis Teresko.

4. At the present time, the defendant, 3M Company, is incorporated in the state of Delaware, has its principal place of business at 3M Center Building 224-5N-40, St. Paul, Minnesota 55144, and maintains a registered agent for service of process in Wisconsin, Corporation Service Company, at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717. 3M Company manufactures and sells industrial equipment, including the Sala LAD-SAF X3 Model Number 6160054, personal protection equipment, at issue in this case. 3M conducts

2

substantial and not isolated business activities within the federal eastern district of Wisconsin judicial district.

5. An unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy of insurance to 3M Company, which policy provided coverage to 3M Company for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein and upon information and belief, does substantial business in Milwaukee county.

6. On or about February 8, 2020, the plaintiff, Rytis Teresko, was in the course of his employment with Nomad, Inc., as a laborer on a construction site located at 8901 West Lisbon Avenue, Milwaukee, Wisconsin 53222.

7. At this time and place, the plaintiff was employed by Nomad, Inc., and used Sala LAD-SAF X3 personal protective equipment, manufactured by 3M Company, to secure plaintiff while ascending and descending a cellular tower. During plaintiff's descension down the cell tower, plaintiff required proper operation of the Sala device, the device malfunctioned and did not lock into place, causing plaintiff to fall with the cable grab device still attached to the tower safety cable, not stopping him. This failure in the LAD-SAF X3 personal protection equipment caused plaintiff, Rytis Teresko, to suffer serious permanent injuries.

3

## JURISDICTION

8. Reallege and incorporate herein by reference all of the allegations of paragraphs 1 through 7 of the Complaint herein.

9. Jurisdiction is proper pursuant to 28 U.S.C. §1332 because plaintiffs and the defendant are citizens of different states and the amount in controversy exceeds $75,000.

## CLAIM FOR INJURIES BASED ON NEGLIGENCE OF THE DEFENDANT, 3M COMPANY

10. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-9 of the Complaint herein.

11. The defendant, 3M Company, by its employees, agents and representatives, was negligent in the design, testing, manufacture, marketing, service, repair, and maintenance, distribution and sale of the subject Sala LAD-SAF X3 involved in this accident, including but not limited to, failing to provide a cable that operated safely; failing to provide adequate warnings and instructions on and with the cable; failing to properly test the subject cable; failing to properly service, repair, and maintain the cable; and by placing a product on the market that was unreasonably dangerous and could cause serious personal injuries to any potential user; and was otherwise negligent.

12. The above and foregoing acts of negligence on the part of the defendant, 3M Company, were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Rytis Teresko.

13. As a result of the negligence on the part of the defendant, 3M Company, as afore alleged, the plaintiff, Rytis Teresko, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental

4

distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## CLAIM FOR DAMAGES BASED ON STRICT LIABILITY
## OF THE DEFENDANT, 3M COMPANY

14. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-13 of the Complaint herein.

15. Pursuant to Wis. Stat. §895.047, the subject cable was in a defective condition so as to be unreasonably dangerous to users with respect to its design, testing, manufacture, marketing, distribution, sale and warnings when it left the possession and control of the defendant, 3M Company. Specifically, it was defective because of inadequate instructions or warnings as the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer and the omission of the instructions or warnings rendered the product not reasonably safe, because it contained a manufacturing defect that departed from its intended design and led to its failure, and because the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe.

16. The subject cable was defective when it left the possession of 3M, and was a product the defendant, 3M Company, expected to and did reach the plaintiff's employer Nomad, Inc., as a user without substantial change in the condition in which it was sold.

17. The aforedescribed defective condition which rendered the subject cable unreasonably dangerous to users like Teresko was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Rytis Teresko.

18. As a result of the aforedescribed defective condition of the subject cable, the plaintiff, Rytis Teresko, sustained injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendants for the amount of damages found to be appropriate, together with the costs, disbursements and prejudgment interest in this action.

In the event of settlement or verdict in favor of the plaintiff, plaintiff demands judgment for an order declaring the plaintiff's rights to such settlement/verdict proceeds paramount to those of any subrogated party.

Finally, in the event of any subrogated party's failure to respond to this Complaint in a timely manner, the plaintiff requests this Court to grant an order dismissing the subrogated party from this action and barring any claim for subrogation and/or reimbursement, and barring the subrogated party from participating in any judgment or settlement in this action.

Plaintiff alleges that his damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

Dated at Milwaukee, Wisconsin this 21st day of December, 2022.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiff

*Electronically Signed*    By:    *Timothy S. Trecek*
Timothy S. Trecek
State Bar No. 1021161
ttrecek@habush.com

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT THE ABOVE ENTITLED ACTION BE TRIED BY A TWELVE PERSON JURY.**

**P.O. ADDRESS:**

US Bank Building, Suite 2300
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-0900