RYTIS TERESKO,
EDITA TERESKO,

      Plaintiff,

And                                                **Case No: 2:22-CV-01532-SCD**

LIBERTY MUTUAL INSURANCE COMPANY,
BLUE CROSS BLUE SHIELD OF ILLINOIS,

      Involuntary Plaintiffs,
vs.

3M COMPANY,
      Defendant.

_____

**MEMORANDUM OF LAW REGARDING EXPERT TESTIMONY AS TO ULTIMATE OPINIONS RELATED TO 3M'S NEGLIGENCE AND THE X3'S DEFECTIVENESS AND UNREASONABLY DANGEROUS DESIGN**
_____

      The Court has ruled Dr. Russell may not opine that plaintiff was using the X3 "reasonably," because it invades the province of the jury. (Doc. 73, p. 25). This memorandum is being filed to ensure that plaintiffs understand the bounds of the Court's order and set forth their position as to Dr. Russell's other opinions. While, plaintiffs understand that the Court has ruled that Dr. Russell may not opine that Teresko's use of the X3 was "reasonable," plaintiffs do not believe that the Court's order does or should limit them from introducing Russell's opinions about foreseeability of the product (the X3) defect, that the X3 design was defective and unreasonably dangerous, that there was a reasonable alternative design, and that 3M fell below the standard of care for a manufacturer. (*See* Russell reports, doc. 46-8, 46-9).

      Under the most recent version of Rule 704, experts may opine as to the ultimate issue in the case: "An opinion is not objectionable just because it embraces an ultimate issue." Fed.

1

Rule. Ev. 704(a). The advisory committee notes to the rule indicate that it was intended to abolish the old "ultimate issue" opinion prohibition (that courts long reasoned invaded the province of the jury).

> The older cases often contained strictures against allowing witnesses to express opinions upon ultimate issues, as a particular aspect of the rule against opinions. The rule was unduly restrictive, difficult of application, and generally served only to deprive the trier of fact of useful information.

Fed. Rule. Ev. 704, 1972 advisory committee note. *See also United States v. Allen*, 10 F.3d 405, 414–15 (7th Cir. 1993) ("ultimate issue" opinions are admissible unless they are a "meaningless assertion like the defendant is "guilty," which does not help the trier of fact). While 704 abolished the "ultimate issue" rule, it did not "lower the bar so as to admit all opinions." *Elorac, Inc. v. Sanofi-Aventis Canada, Inc.*, No. 14 C 1859, 2017 WL 3592775, at *17 (N.D. Ill. Aug. 21, 2017). The two areas where courts have continued to hold that an expert's ultimate opinion are not helpful to the jury are where the expert invades the province of the court by telling the jury how to interpret the law or "by simply telling [the jury] whose side to take on disputed issues of fact." *See Id.*

Primarily, plaintiffs want to ensure the Court's ruling is not broadly applied to prevent plaintiffs from eliciting expert testimony to satisfy their burden of proof as to product defect and negligence. To establish a product defect, plaintiffs must show among other things that the product was unreasonably dangerous and defective and a "reasonable alternative design." Wis. Stat. § 895.047(1). This statutory standard preserves in part the prior Wisconsin common law "unreasonably dangerous and defective" consumer contemplation test. *Murphy v. Columbus McKinnon Corp.*, 2022 WI 109, ¶ 37, 405 Wis. 2d 157, 184, 982 N.W.2d 898, 911. While not an absolute rule, in the vast majority of products liability cases, these elements must be established by expert testimony because whether a particular product is defective, unreasonably dangerous,

2

or can be designed differently are outside of the common knowledge of lay jurors. *Greiten v. LaDow*, 70 Wis. 2d 589, 597–98, 235 N.W.2d 677 (1975) (expert's opinion which set forth alternative designs did not go far enough to establish that the product was defectively designed and unreasonably dangerous to meet plaintiff's burden); *compare to Chart v. Gen. Motors Corp.*, 80 Wis. 2d 91, 107, 258 N.W.2d 680 (1977) (elements off proving defective product were established by plaintiff's experts); *Am. Fam. Mut. Ins. Co. v. Current Elec. Co.*, 2024 WI App 6, ¶ 2, 3 N.W.3d 508, 2023 WL 8613507, at *1 (unpublished) (contrary to manufacturer's argument, expert testimony adequately established foreseeability, defect, unreasonably dangerous design, and reasonable alternative design).

District courts in the Seventh Circuit have agreed that establishing these elements usually requires expert testimony and that qualified experts may provide opinions as to these ultimate issues. *Show v. Ford Motor Co.*, 697 F. Supp. 2d 975, 981–85 (N.D. Ill. 2010), *aff'd*, 659 F.3d 584 (7th Cir. 2011) ("products liability cases that involve complex products beyond a lay jury's understanding require expert testimony"; under Illinois law, several district courts in this district have "granted summary judgment in strict product liability and negligence cases where the plaintiff failed to present expert testimony to establish an unreasonably dangerous defect.").

With respect to the negligence claim, it is likely that the plaintiff needs to establish the standard of care of a reasonable manufacturer by expert testimony. *See Cars R Us Sales & Rentals, Inc. v. Ford Motor Co.*, No. 08 C 50270, 2011 WL 167269, at *3 (N.D. Ill. Jan. 19, 2011) (under Illinois law, expert needed to establish the manufacturer's standard of care). Wisconsin circuit courts have followed suit. *Theis v. Siesennop*, 189 Wis. 2d 489, 527 N.W.2d 398, 1994 WL 661076, at *1 (Ct. App. 1994) (this unpublished case is not being cited as

3

precedent or authority, but merely to demonstrate that Wisconsin circuit courts have previously required expert testimony to satisfy this burden).

The Court's cited authority, *Samples v. City of Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990) should not be broadly applied to prevent plaintiffs' experts from opining as to the ultimate issues of establishing plaintiffs' burden as to the elements of their products liability and negligence claims. First, this case appears at odds with Rule 704 and the occasions when the Seventh Circuit has excluded "unhelpful" testimony (the case itself contains no discussion of Rule 704). *Id*. In addition, even though the Court held that an expert's testimony as to "reasonableness" of an officer's conduct in an excessive force case could "invade the province of the jury," it ultimately held that the officer's testimony **was admissible** because: "the questions leading up to this testimony, and the manner in which the expert answered the question, properly informed the jury that the expert was testifying regarding prevailing standards in the field of law enforcement." *Id*. As such, *Samples* does not provide any basis for further exclusion of plaintiffs' expert's ultimate opinions about 3M's negligence and the X3's defective design. Plaintiffs are most concerned with an overbroad application of the Court's ruling that could prevent introduction of evidence that 3M later argues is needed for plaintiffs to meet their burden of proof.

Respectfully submitted this 13th day of August, 2024.

HABUSH, HABUSH & ROTTIER, S.C.
Attorneys for Plaintiffs-Respondents

*Electronically signed by:*    s/ Jesse B. Blocher
Timothy S. Trecek
State Bar No. 1021161
Jesse B. Blocher
State Bar No. 1059460

4

**P.O. ADDRESS**:
777 E. Wisconsin Avenue
Suite 2300
Milwaukee, WI 53202
(414) 271-0900